CASE NO. 21-50276

IN THE
UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT
_____

Sylvia Gonzalez,

*Plaintiff – Appellee*

v.

Edward Trevino, II, Mayor of Castle Hills, sued in his
individual capacity; John Siemens, Chief of the Castle Hills
Police Department, sued in his individual capacity; Alexander
Wright, sued in his individual capacity,

*Defendants – Appellants*

*Appealed from Cause No. 5:20-cv-01151-DAE; United States District Court*
*Western District of Texas, San Antonio Division*
*The Honorable David Alan Ezra, Presiding*
_____

**APPELLANTS' BRIEF**
_____

Scott Michael Tschirhart
smtschirhart@rampagelaw.com
Lowell F. Denton
lfdenton@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.**
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)

*Attorneys for Appellants*
**ORAL ARGUMENT REQUESTED**

i

# CERTIFICATE OF INTERESTED PERSONS

CASE NO. 21-50276

IN THE
UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

_____

Sylvia Gonzalez,

*Plaintiff – Appellee*

v.

Edward Trevino, II, Mayor of Castle Hills, sued in his
individual capacity; John Siemens, Chief of the Castle Hills
Police Department, sued in his individual capacity; Alexander
Wright, sued in his individual capacity,

*Defendants – Appellants*

*Appealed from Cause No. 5:20-cv-01151-DAE; United States District Court
Western District of Texas, San Antonio Division
The Honorable David Alan Ezra, Presiding*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.  These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Appellants:** | **Attorneys for Appellants:** |
| --- | --- |
| Edward Trevino, II; | Scott Michael Tschirhart |
| John Siemens; and | Texas State Bar No.: 24013655 |
| Alexander Wright | Lowell F. Denton |
| | Texas State Bar No. 05765700 |
| | DENTON NAVARRO ROCHA BERNAL |
| | & ZECH, P.C. |
| | 2500 W. William Cannon Drive, Suite 609 |
| | Austin, Texas 78745 |

512/279-6431
512/279-6438

**Appellee:**                          **Attorneys for Appellee:**
Sylvia Gonzalez                        Anaya Bidwell
                                       Texas State Bar No. 24101516
                                       Patrick Jaicomo
                                       Michigan State Bar No. P75705
                                       Will Aronin
                                       New York State Bar No. 4820031
                                       INSTITUTE FOR JUSTICE
                                       901 North Glebe Road, Suite 900
                                       Arlington, VA 22203
                                       703/682-9320


                                       s/Scott Michael Tschirhart
                                       Scott Michael Tschirhart

## STATEMENT REGARDING ORAL ARGUMENT

Appellants request oral argument because this case involves relatively complex issues involving the assertion of qualified immunity asserted by multiple Defendants, one of which is not a police officer, in connection with a retaliatory false arrest claim. Oral argument may also be useful to the Court, in order to compare and contrast the facts in this case with the cases relied upon by the trial court.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................ ii

STATEMENT REGARDING ORAL ARGUMENT ............................ iv

TABLE OF CONTENTS ....................................................................... v

TABLE OF AUTHORITIES .............................................................. vii

BRIEF OF APPELLANTS ................................................................... 1

JURISDICTIONAL STATEMENT ....................................................... 2

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............. 2

    Issue One:  Did the district court err by failing to properly apply the independent intermediary doctrine in denying Appellants' Motion to Dismiss? ...................... 2

    Issue Two: Did the district court err in failing to consider each of Appellant's claims of qualified immunity separately? ................................................... 3

    Issue Three:  Did the district court err in failing to grant Appellants' Motion to Dismiss? ............................................................................................ 3

STATEMENT OF THE CASE ............................................................... 3

STANDARD OF REVIEW ................................................................... 6

SUMMARY OF THE ARGUMENT ...................................................... 7

THE ARGUMENT ............................................................................... 7

    Issue for Review One:  The district court erred by failing to properly apply the independent intermediary doctrine. ................................................. 7

    Issue for Review Two: ......... The district court erred in failing to consider each of Appellant's claims of qualified immunity separately. .......................................... 13

    Issue for Review Three:  The district court erred in failing to grant Appellants' Motions to Dismiss. ............................................................................ 14

      Mayor Trevino. ................................................................................... 16

Chief Siemens. ...................................................................................18

Special Detective Wright. ...................................................................20

CONCLUSION .......................................................................................22

PRAYER ..................................................................................................22

CERTIFICATE OF SERVICE ...............................................................24

CERTIFICATE OF COMPLIANCE ......................................................24

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) ............................................................................................ 20, 22

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .................................................................................................2

*Atteberry v. Nocona General Hosp.*, 430 F.3d 245 (5th Cir.2005) .........................15

*Collier v. Montgomery*, 569 F.3d 214 (5th Cir.2009)..............................................15

*Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981) ................................................. 16, 18

*Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982) ........................................................................... 14, 17, 18, 21

*Holcomb v. McCraw*, 262 F. Supp. 3d 437 (W.D. Tex. 2017).............. 9, 17, 18, 21

*Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404 (5th Cir.2009).........................................15

*Marie Ramirez v. Guadarrama*, 844 F. App'x 710 (5th Cir. 2021)................ passim

*McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002) (per curiam) ...........................................................................................................6

*McLin v. Ard*, 866 F.3d 682 (5th Cir. 2017) ........................................................6, 7

*Navarro v. City of San Juan, Tex.*, 624 F. App'x 174 (5th Cir. 2015)....................10

*Nieves v. Bartlett*, 139 S. Ct. 1715, 204 L. Ed. 2d 1 (2019) ........................... passim

*Scotch v. Letsinger*, 593 F. App'x 276 (5th Cir. 2014) .............................. 16, 19, 21

*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019)....................................................8

*Thompson v. Upshur County, Texas*, 245 F.3d 447 (5th Cir. 2001).......................15

## Statutes

28 U.S.C. § 1331 ........................................................................................................2

42 U.S.C. § 1983 ................................................................................2, 3

Tex. Penal Code § 37.01(2)(A) .............................................................10

Tex. Penal Code § 37.10 ........................................................................10

Texas Penal Code § 37.01(2) ...................................................................4

Texas Penal Code § 37.10(c)(1) ...............................................................9

Texas Penal Code §37.10(a)(3) .................................................................9

CASE NO. 21-50276

IN THE
UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT
_____

Sylvia Gonzalez,

*Plaintiff – Appellee*

v.

Edward Trevino, II, Mayor of Castle Hills, sued in his
individual capacity; John Siemens, Chief of the Castle Hills
Police Department, sued in his individual capacity; Alexander
Wright, sued in his individual capacity,

*Defendants – Appellants*

*Appealed from Cause No. 5:20-cv-01151; United States District Court*
*Western District of Texas, San Antonio Division*
*The Honorable David Alan Ezra, Presiding*

_____

**BRIEF OF APPELLANTS**
_____

Scott M. Tschirhart
smtschirhart@rampagelaw.com
Lowell F. Denton
lfdenton@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.**
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)

*Attorneys for Appellants*

**TO THE HONORABLE FIFTH CIRCUIT COURT OF APPEALS:**

NOW COME Appellants Edward Trevino, II ("Mayor Trevino"),  John Siemens ("Chief Siemens"), and Alexander Wright ("Special Detective Wright") and file this their Appellants' Brief.  Appellants respectfully request that this Court reverse and remand the trial court's ruling denying Appellants' Motion to Dismiss on the grounds of the independent intermediary doctrine and their assertion of qualified immunity.

## JURISDICTIONAL STATEMENT

The basis for the district court's subject-matter jurisdiction is for claims asserted under 42 U.S.C. § 1983 for violation of Appellee's First and Fourteenth Amendment rights by an alleged retaliatory arrest.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 as the district court issued an *Order Denying Motion to Dismiss*, denying Appellants' assertion of qualified immunity.  ROA.168-201.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 1947, 173 L. Ed. 2d 868 (2009)(finding that a district court's order denying a motion to dismiss on qualified immunity is a final decision under the collateral-order doctrine over which the Court of Appeals has jurisdiction.).

Appellants filed a timely notice of appeal. ROA.220-222.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

**Issue One:**  Did the district court err by failing to properly apply the independent intermediary doctrine in denying Appellants' Motion to Dismiss?

**Issue Two:** Did the district court err in failing to consider each of Appellant's claims of qualified immunity separately?

**Issue Three:** Did the district court err in failing to grant Appellants' Motion to Dismiss?

## STATEMENT OF THE CASE

Appellee Sylvia Gonzalez ("Appellee"), a former council member of the City of Castle Hills, Texas filed a *Complaint for Retrospective Relief* on September 29, 2020.   ROA.6-38.   Appellee asserts claims under 42 U.S.C. § 1983 against Appellants Trevino, Siemens and Wright for violation of her First and Fourteenth Amendment rights by a retaliatory arrest. ROA.30-33.

Mayor Trevino is the Mayor of the City of Castle Hills, Texas ("the City"). ROA.8.  Chief Siemens is the former Chief of Police for the City. ROA.8.  Special Detective Wright is a licensed Texas Peace Officer who works as a Special Detective for the City. ROA.8-9, 66.

Appellee alleges, without factual support, that the Appellants participated in a scheme to punish and intimidate her in retaliation for exercising her free speech rights.  ROA.30-33.

Appellee participated in collecting a citizen petition, the goal of which was to remove the City Manager from office.  ROA.9, 13.  The petition was presented to the City Council at a meeting on May 21, 2019. ROA.14.  At that meeting, Chalene Martinez testified that Appellee asked her to sign the petition "under false

pretenses." ROA.14.   The meeting was contentious and was continued to the following day. ROA.14.   On May 22, 2019, prior to the commencement of the meeting, Mayor Trevino had the petition (which consisted of 26 pages) in his possession.   ROA.67.   The petition is a "governmental record" as defined by Texas Penal Code § 37.01(2).   ROA.67.   Appellee took the petition from Mayor Trevino's stack of papers and concealed it in her meeting binder.   ROA.69.   At the end of the meeting, the City Secretary asked Mayor Trevino for the petition.   ROA.68.   Mayor Trevino no longer had the petition in his possession but noted a binder clip in Appellee's meeting binder that looked like the one he used to clip the 26 pages of the petition together. ROA.67-68.   Mayor Trevino enlisted the help of Castle Hills Police Captain Zuniga to approach Appellee as Mayor Trevino suspected that Appellee had taken the petition and secreted it in her meeting binder. ROA.47, 68, 15-16.   Appellee initially denied having the petition.   ROA.68.   However, the petition was found to be in Appellee's possession.   ROA.16, 47, 68-70.

Mayor Trevino reported the theft of the petition.   ROA. 43-45, 46, 67.   Police Chief Siemens assigned the investigation to Special Detective Wright. ROA.66. Special Detective Wright conducted an investigation by interviewing and obtaining sworn statements from Mayor Trevino, Captain Zuniga and Chalene Martinez. ROA. 67-68, 70.   Special Detective Wright attempted to interview Appellee, but Appellee refused to speak with him. ROA.70.   Special Detective Wright also viewed

4

video of the meeting and determined that the video was consistent with the statements of Mayor Trevino and Captain Zuniga. ROA.69-70. The video showed Appellee taking the petition from Mayor Trevino's stack of documents and Appellee hiding the petition within her binder. ROA.69. The video showed the interchange between Mayor Trevino, Captain Zuniga and Appellee when the petition was recovered from Appellee's possession. ROA.69-70.

Based on his investigation, Special Detective Wright prepared a *Complaint/Affidavit for Warrant of Arrest*. ROA.66-71, 113-118. A *Warrant of Arrest* was issued by a Bexar County District Judge for Tampering with a Governmental Record pursuant to Texas Penal Code § 37.10(c)(1). ROA.112. Appellants took no further action.

Appellee learned that there was a warrant for her arrest. ROA.23. Appellee turned herself in to the Bexar County Sheriff's Department.[1] ROA.23. Appellee attached the "Complaint/Affidavit for Warrant of Arrest" to her Complaint. ROA.66-71. The district court properly took judicial notice of the Warrant of Arrest. ROA.174.

Appellants moved for dismissal based on the independent intermediary doctrine. ROA.102-103, 160-163. Appellants also moved for dismissal based on

---

[1] It should be noted that no Castle Hills Police personnel are alleged to have directly participated in Appellee's arrest or the terms of her incarceration. ROA.23.

independent assertions of qualified immunity for Mayor Trevino [ROA.103-105], Chief Siemens [ROA.105], and Special Detective Wright [ROA.106]. *See also* ROA.163-166.

## STANDARD OF REVIEW

Appellate review of a district court's decision on a motion to dismiss is *de novo*. *See McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017). Appellate review of a district court's order denying qualified immunity is *de novo*. *See Marie Ramirez v. Guadarrama*, 844 F. App'x 710, 713 (5th Cir. 2021). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Id.* (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (per curiam)).

> To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Phillips v. City of Dallas*, 781 F.3d 772, 776 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)). In reviewing the complaint, we "draw all inferences in favor of the nonmoving party, and view all facts and inferences in the light most favorable to the nonmoving party." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). Legal conclusions, however, are not entitled to an assumption of truth and must be supported by factual allegations. *Iqbal*, 556 U.S. at 678–79, 129 S. Ct. 1937. Thus, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937). When the motion to dismiss raises the defense of qualified immunity, the plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm ... alleged and that defeat a

qualified immunity defense with equal specificity." *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).

*McLin,* 866 F.3d at 688.

## SUMMARY OF THE ARGUMENT

The district court erred in denying Appellants' Motion to Dismiss. Appellee's retaliatory arrest claims fail as a matter of law when there is a pre-arrest determination of probable cause by an independent intermediary.

The district court erred in failing to separately consider the independent assertion of qualified immunity of each Appellant separately.

The district court erred denying Appellants' Motion to Dismiss because the district court misapplied the causation and well-established law elements of the qualified immunity analysis to each individual Appellant.

## THE ARGUMENT

**Issue for Review One: The district court erred by failing to properly apply the independent intermediary doctrine.**

Appellee's *Complaint for Retrospective Relief* [ROA.6-38 and 40-71(exhibits)] ("the Complaint") seeks redress for an alleged unconstitutional arrest. ROA.7. Appellee brings retaliatory arrest claims against Appellants in their individual capacity. ROA.30-33. However, Appellee was arrested pursuant to a Warrant of Arrest signed by a Bexar County District Judge. ROA.112.

> Generally, if an independent intermediary, such as a justice of the peace, authorizes an arrest, then the initiating party cannot be liable for false arrest. We recently explained this in *McLin*: "[T]he intermediary's decision breaks the chain of causation for false arrest ...." In fact, the initiating party can even be malicious. That alone still won't overcome the independent-intermediary doctrine. We held that 30-plus years ago in *Hand*. And we reiterated it in 2016 in *Buehler*. We also elaborated in *Buehler* that the doctrine applies even if the arrestee was never convicted.

*Shaw v. Villanueva*, 918 F.3d 414, 417 (5th Cir. 2019). This Court has articulated an exception to the independent intermediary doctrine:

> Under *McLin*, if the plaintiff shows that the defendant tainted the intermediary's decision-making process, the defendant can be liable. But the plaintiff has to show that the defendant maliciously withheld relevant information or otherwise misdirected the intermediary.

*Id*. The Complaint does not allege that Appellants withheld any relevant information from the Bexar County District Judge. In fact, the Complaint shows that Special Detective Wright included background information to give the Court the full context and background of the investigation. ROA.21, 66-71. Under these circumstances, this exception does not apply. *See Shaw*, 918 F.3d at 417-18.

Appellee's allegations are conclusory in that she has pleaded no specific facts showing that Mayor Trevino or Chief Siemens had any communication with the Bexar County District Judge. She has pleaded no specific facts showing that Special Detective Wright misdirected the Bexar County District Judge into issuing the arrest warrant. Appellee has made no showing that Appellants affirmatively tainted the intermediaries' decisions. Therefore, Appellants are entitled to qualified immunity

under the independent-intermediary doctrine. *See Holcomb v. McCraw*, 262 F. Supp. 3d 437, 452 (W.D. Tex. 2017). The district court should have granted Appellees' Motion to Dismiss pursuant to qualified immunity under the independent intermediary doctrine.

Instead, the district court relied on *Nieves v. Bartlett*, 139 S. Ct. 1715, 204 L. Ed. 2d 1 (2019) and concluded that Appellee "need not plead or prove the absence of probable cause." ROA.184. The district court concluded that Appellee sufficiently pled that she was arrested when "otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." ROA.185. However, this conclusion is not supported by Appellee's factual allegations or by the reasoning in *Nieves*.

Appellee was arrested for an alleged violation of Texas Penal Code §37.10(a)(3), (c)(1). ROA.19. These provisions state:

### § 37.10. Tampering with Governmental Record

(a) A person commits an offense if he:
. . . .
      (3) intentionally destroys, conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record;
. . . .
(c)(1) Except as provided by Subdivisions (2), (3), and (4) and by Subsection (d), an offense under this section is a Class A misdemeanor unless the actor's intent is to defraud or harm another, in which event the offense is a state jail felony.

Tex. Penal Code § 37.10. A "Governmental record" is defined as "anything belonging to, received by, or kept by government for information . . .." Tex. Penal Code § 37.01(2)(A). A petition received by the City Council is a governmental record. ROA.13-14. *See Navarro v. City of San Juan, Tex.*, 624 F. App'x 174, 180 (5th Cir. 2015)(Plaintiffs could not show that a recall petition was not a governmental record under Texas law.)

Appellee alleges that a review of criminal charges and indictments in the Bexar County records show that the statute has not been used to charge anyone "for trying to steal a nonbinding or expressive document." ROA.22. The Complaint does not allege that there have been any other persons who stole "a nonbinding or expressive document" that were not charged, or even that there has been such an incident in Bexar County in the relevant time period. The Complaint contains no factual allegations that would show that any other person engaged in the same sort of protected speech and was accused of trying to steal a governmental record. Therefore, the Complaint does not show that Appellee was treated or would be treated differently from any other person who tried "to steal a nonbinding or expressive document" or any other governmental record or that she was treated differently from any "otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." ROA.185. The trial court erred in reaching its conclusion based on the facts pled.

The trial court also erred in its application of *Nieves* to Appellant's factually pled Complaint. Mr. Bartlett was arrested at a festival by officers and charged with disorderly conduct and resisting arrest. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1721, 204 L. Ed. 2d 1 (2019). Bartlett claimed that the officers violated his First Amendment rights by arresting him in retaliation for his speech. *See id.* The alleged protected speech was Bartlett's refusal to speak with Sergeant Nieves earlier in the evening and his intervention in another officer's discussion with the underage partygoer. *See id.* The 9th Circuit relied on an affidavit wherein Bartlett alleged that Sergeant Nieves said, "bet you wish you would have talked to me now." *Id*. at 1721. The Court examined the history of retaliatory arrest and prosecution jurisprudence in light of an allegation of First Amendment retaliation.

> To prevail on such a claim, a plaintiff must establish a "causal connection" between the government defendant's "retaliatory animus" and the plaintiff's "subsequent injury." *Hartman*, 547 U.S. at 259, 126 S. Ct. 1695. It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive. *Id.*, at 260, 126 S. Ct. 1695 (recognizing that although it "may be dishonorable to act with an unconstitutional motive," an official's "action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway").

*Nieves*, 139 S. Ct. at 1722. The Court concluded "that the no-probable-cause requirement should not apply when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same

11

sort of protected speech had not been." *Id*. at 1727. The Court relied on a commonsense analysis of the minor crime of jaywalking:

> For example, at many intersections, jaywalking is endemic but rarely results in arrest. If an individual who has been vocally complaining about police conduct is arrested for jaywalking at such an intersection, it would seem insufficiently protective of First Amendment rights to dismiss the individual's retaliatory arrest claim on the ground that there was undoubted probable cause for the arrest. In such a case, because probable cause does little to prove or disprove the causal connection between animus and injury.

*Nieves*, 139 S. Ct. at 1727. However, in the present case, Appellee has not alleged that the "steal[ing of] a nonbinding or expressive document" is endemic or even that any other person has tried to steal or hide a petition that has been presented to a city council. Moreover, Appellee was not arrested by any of Appellants, rather Special Detective Wright presented evidence to a magistrate who made an independent finding of probable cause. "Because there was probable cause to arrest [Appellee], [her] retaliatory arrest claim fails as a matter of law." *Nieves*, 139 S. Ct. at 1728.

The district court's application of *Nieves* under this fact pattern would cause a chilling effect on public officials who report criminal activity in the case of Mayor Trevino. A public official could not report a crime for fear that they would be haled into court for doing their civic duty.

The district court's application of *Nieves* would also create an impossible problem for law enforcement. A chief of police (like Chief Siemens) would have to make a determination as to whether the report of a crime is in retaliation for First

Amendment speech, when the chief was not present when the alleged crime was committed, and no investigation had yet been conducted.  Likewise, a detective (like Special Detective Wright) would have to refuse an assignment to investigate a criminal complaint (in this case the facts of which were conveyed to him by multiple interviews and sworn statements backed up with video evidence) for fear that he would be sued for conducting a legitimate investigation.  This Court should reverse and render the district court's denial of Appellants' Motion to Dismiss.

**Issue for Review Two:  The district court erred in failing to consider each of Appellant's claims of qualified immunity separately.**

Appellants moved for dismissal based on independent assertions of qualified immunity for Mayor Trevino [ROA.103-105], Chief Siemens [ROA.105], and Special Detective Wright [ROA.106].   However, the trial court grouped the individual Appellants together and did no independent analysis of the separate claims.  ROA.185-193.

This Court has made it clear that each individual Appellant's claim to qualified immunity should have been considered separately.  *See Marie Ramirez v. Guadarrama,* 844 F. App'x 710, 717, n. 4 (5th Cir. 2021).

> Our precedent makes clear that "we examine each individual's entitlement to qualified immunity separately." *Carroll v. Ellington*, 800 F.3d 154, 174 (5th Cir. 2015) (internal quotation marks omitted) (citing *Meadours v. Ermel*, 483 F.3d 417, 422 (5th Cir. 2007) (holding that it was error for the district court to consider the actions of multiple police officers together)); *see also Hernandez v. Tex. Dep't of Protective and Regulatory Servs.*, 380 F.3d 872, 883–84 (5th Cir. 2004) (engaging in

13

an individualized analysis of multiple public officials); *Atteberry v. Nocona Gen. Hosp*., 430 F.3d 245, 253 (5th Cir. 2005) (same); *Tarver v. City of Edna*, 410 F.3d 745, 752–54 (5th Cir. 2005) (same). We agree . . . that the district court failed to engage in an individualized analysis, and that its collective treatment of the defendant officers' actions was error.

*Id*. (internal citations omitted).  In the present case, the district court erred in failing to analyze the qualified immunity claims of Mayor Trevino, Chief Siemens, and Special Detective Wright separately.  In most cases, the Court would reverse the trial court's ruling and remand, directing the trial court to consider each individual Appellants' qualified immunity defense separately.  However, since each of the Appellants are entitled to qualified immunity, in this case, the Court should reverse and render.  *See id.*

## Issue for Review Three:  The district court erred in failing to grant Appellants' Motions to Dismiss.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982).

Because qualified immunity is an immunity from suit, not merely a defense to liability, "it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985). It is for this reason that a denial of qualified immunity is immediately appeal-able and that a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation.

14

*Marie Ramirez v. Guadarrama*, 844 F. App'x 710, 713 (5th Cir. 2021).  This Court must determine: "(1) whether a plaintiff alleges or shows the violation of a federal constitutional or statutory right; and (2) whether the right in question was clearly established at the time of the alleged violation." *Id.*   "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404, 410 (5th Cir.2009).  "[A] defendant's acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution, or the federal statute as alleged by the plaintiff." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001).

Although qualified immunity is an affirmative defense, "plaintiff has the burden to negate the assertion of qualified immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir.2009). To meet this burden the plaintiff must allege facts showing that the defendants committed a constitutional violation under the current law and that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of. *See Atteberry v. Nocona General Hosp*., 430 F.3d 245, 253 (5th Cir.2005).

**Mayor Trevino.**

Appellee alleges that Mayor Trevino and Captain Zuniga caught her with the missing petitions in her binder.  ROA.16, 47, 67-68.  Basically, Mayor Trevino witnessed a crime and made a criminal complaint.  ROA.18, 30.[2]  "When a plaintiff alleges that a defendant initiated a criminal prosecution to retaliate against the plaintiff's exercise of his or her First Amendment rights, the plaintiff must establish, *inter alia*, that the defendant lacked probable cause to initiate the prosecution." *Scotch v. Letsinger*, 593 F. App'x 276, 280 (5th Cir. 2014)(finding that a sheriff is entitled to qualified immunity when initiating an investigation into a complaint that a city council member tampered with a government record.).

Appellee has not pled facts to show that Mayor Trevino caused Appellee's alleged injuries, or that Mayor Trevino even had the power of arrest.  In order to state a 1983 claim against Mayor Trevino, "[Appellee] must establish either that the defendant supervisory official was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).  Appellee's conclusory allegations of causation fail because a Bexar County District Judge found probable cause and issued a warrant

---

[2] Appellee alleges that Mayor Trevino was somehow involved in the assignment of Special Investigator Wright. ROA.31.  However, Appellee fails to plead any facts that support this conclusory statement.

for Appellee's arrest.  Mayor Trevino is entitled to qualified immunity under the independent-intermediary doctrine.  *See Holcomb v. McCraw*, 262 F. Supp. 3d 437, 452 (W.D. Tex. 2017).

Appellee's factual allegations about the actions of Mayor Trevino, in reporting a crime that he witnessed, do not demonstrate a violation of a "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818.  Witnessing and reporting a crime cannot be a violation of Appellee's constitutional rights.   The trial court erred in failing to dismiss Appellee's claims against Mayor Trevino because Appellee has not pled sufficient facts to defeat Mayor Trevino's assertion of qualified immunity.

Nevertheless, the district court found that Mayor Trevino (as one of the individual Defendants) could somehow be aware of the May 28, 2019 *Nieves* decision and how it would affect his actions.  ROA.192.  However, Mayor Trevino made his initial report to Captain Zuniga on May 22, 2019. ROA.47.  **This was a full six days prior to the *Nieves* decision.**  Moreover, Appellee does not plead any facts to show that Mayor Trevino would or even could anticipate Appellee's eventual arrest two months later.

This Court should reverse and render the district court's decision and find that Mayor Trevino enjoys qualified immunity as to Appellee's allegations and dismiss Appellee's claims against Mayor Trevino with prejudice against refiling.

**Chief Siemens.**

Appellee alleges that on May 24, 2019, Chief Siemens told Sgt. Paul Turner that Mayor Trevino would contact Sgt. Turner "in reference to filing a criminal complaint." ROA.18. Chief Siemens later assigned the investigation to Special Detective Wright. ROA.19, 31.

Allegations that Chief Siemens informed a subordinate about an anticipated complaint and made an assignment of a criminal allegation to a detective do not demonstrate a violation of a "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818.

Appellee has not pled facts to show that Chief Siemens' actions caused Appellee's alleged injuries. Appellee has not pled that Chief Siemens was personally involved in the acts causing the deprivation of her constitutional rights or that a causal connection exists between Chief Siemens' assignment and the alleged constitutional violation. *See Douthit*, 641 F.2d at 346. Moreover, an independent Bexar County District Judge found probable cause and issued a warrant for Appellee's arrest, negating causation. Chief Siemens is entitled to qualified immunity under the independent-intermediary doctrine. *See Holcomb v. McCraw*, 262 F. Supp. 3d 437, 452 (W.D. Tex. 2017).

Nevertheless, the district court found that Chief Siemens (as one of the individual Defendants) could somehow be aware of the May 28, 2019 *Nieves*

decision and how it would affect his actions.  ROA.192.  Appellee alleges that Chief

Siemens initiated an investigation by speaking with Sgt Turner on May 24, 2019.

ROA.18. **This was four (4) days prior to the *Nieves* decision.**   Not only was it

impossible for Chief Siemens to know about the upcoming *Nieves* decision, the

clearly established authority at the time of this decision was that a supervisory officer

was entitled to qualified immunity for initiating a criminal investigation against a

city council member for tampering with a governmental record. *See Scotch v.*

*Letsinger,* 593 F. App'x 276, 280 (5th Cir. 2014).  Moreover, this Court said:

> When a plaintiff alleges that a defendant initiated a criminal
> prosecution to retaliate against the plaintiff's exercise of his or her First
> Amendment rights, the plaintiff must establish, *inter alia*, that the
> defendant lacked probable cause to initiate the prosecution.

*Id.*  Appellee's factually pled Complaint does not establish that probable cause did

not exist, in fact the exhibits show that indeed probable cause, based on witness

statements and video evidence, did exist.  Moreover, Appellee does not plead any

facts to show that Chief Siemens would or even could anticipate Appellee's eventual

arrest.  Even if Chief Siemens could have been aware of the upcoming *Nieves*

decision, it is reasonable that he would think that the decision would be restricted to

the fact situation where officers personally arrested the suspect immediately after

and in retaliation for exercising his First Amendment rights.  *See Nieves*, 139 S. Ct.

at 1721. "In order for a right to be clearly established, '[t]he contours of the right

must be sufficiently clear that a reasonable official would understand that what he is

doing violates that right.'" *Guadarrama*, 844 F. App'x at 713 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L.Ed.2d 523 (1987)). Even a careful reading of *Nieves* would not have put a reasonable police chief (like Chief Siemens) on notice that he should not assign a criminal investigation to a Detective.

This Court should reverse and render the district court's decision and find that Chief Siemens enjoys qualified immunity as to Appellee's allegations and dismiss Appellee's claims against Chief Siemens with prejudice against refiling.

**Special Detective Wright.**

Appellee alleges that Special Detective Wright conducted a month-long investigation. ROA.19. Special Detective Wright interviewed and obtained sworn statements from Mayor Trevino, Captain Zuniga, and Chalene Martinez. ROA.67-70. Special Detective Wright reviewed video of the City Council chambers that confirmed the statements of Mayor Trevino and Captain Zuniga. ROA.69-70. The video of the incident confirms that Appellee intentionally took the petitions and placed them in her binder. ROA.69. The video also shows that the missing petitions were recovered from Appellee's possession. ROA.69-70. Based on the sworn statements and supporting video evidence, Special Detective Wright submitted a *Complaint/Affidavit for Warrant of Arrest* to an independent Bexar County District Judge. ROA.66-71.

Allegations that Special Detective Wright conducted a thorough criminal investigation, without more, do not demonstrate a violation of "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818.

Appellee has not pled facts to show that Special Detective Wright's actions caused Plaintiff's alleged injuries. Moreover, Appellee has not established that Special Detective Wright "lacked probable cause to initiate the prosecution." *Scotch v. Letsinger*, 593 F. App'x 276, 280 (5th Cir. 2014). A Bexar County District Judge found probable cause and issued a warrant for Appellee's arrest. Special Detective Wright is entitled to qualified immunity under the independent-intermediary doctrine. *See Holcomb v. McCraw*, 262 F. Supp. 3d 437, 452 (W.D. Tex. 2017). The district court erred in failing to dismiss Appellee's lawsuit against Special Detective Wright.

Instead, the district court found, without explanation, that Special Detective Wright (as one of the individual Defendants) was aware of the May 28, 2019 *Nieves* decision and how it would affect his actions. ROA.192. However, if Special Detective Wright was aware of the recently-decided *Nieves* decision, it is reasonable that he would think that the decision would be restricted a situation where officers personally arrested the suspect immediately after and in retaliation for exercising his First Amendment rights. *See Nieves*, 139 S. Ct. at 1721. "In order for a right to be

clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Guadarrama,* 844 F. App'x at 713 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L.Ed.2d 523 (1987)).  Even a careful reading of *Nieves* would not have put a reasonable detective on notice that he should not conduct a thorough criminal investigation and if he develops probable cause that a crime has been committed, that he should not present his findings to a magistrate.

This Court should reverse and render the district court's decision and find that Special Detective Wright enjoys qualified immunity as to Appellee's allegations and dismiss Appellee's claims against Special Detective Wright with prejudice against refiling.

## CONCLUSION

The district court erred in denying Appellants their *Motion to Dismiss* by: 1) failing to properly apply the independent intermediary doctrine; 2) failing to evaluate each of Appellants' claims of qualified immunity separately; and 3) failing to properly evaluate the causation and clearly established prongs of Appellants' separate qualified immunity claims.

s/Scott M. Tschirhart

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellants Edward Trevino, II, John Siemens, and Alexander Wright pray that this Court reverse the district court's

denial of their Motion to Dismiss and render judgment dismissing Appellee's claims against Appellants with prejudice against refiling, and for such other and further relief to which Appellants shall show themselves to be entitled.

Signed on this the 7th day of June 2021.

Respectfully submitted,

**DENTON NAVARRO ROCHA BERNAL**
  **& ZECH, P.C.**
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)
smtschirhart@rampagelaw.com
lfdenton@rampagelaw.com


By:    s/*Scott Micheal Tschirhart*
       Scott Michael Tschirhart
       Texas State Bar No. 24013655
       Lowell F. Denton
       Texas State Bar No. 05764700

       *Attorneys for Appellants*
       *Edward Trevino, II, John Siemens*
       *and Alexander Wright*

## CERTIFICATE OF SERVICE

I hereby certified that on this the 7th day of June 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which automatically provided notice to the following CM/ECF participants:

Anya Bidwell
Will Aronin
Patrick Jaicomo
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203

*Attorneys for Appellee*
*Sylvia Gonzalez*

s/*Scott Michael Tschirhart*
Scott Michael Tschirhart

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements.

1.    This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.2, this document contains 5,121 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-styled requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 docx, in 14-point in Times New Roman for body and 12-point Times New Roman for footnotes.

s/*Scott Michael Tschirhart*
Scott Michael Tschirhart
