CASE NO. 21-50276

IN THE
UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

_____

Sylvia Gonzalez,

*Plaintiff – Appellee*

v.

Edward Trevino, II, Mayor of Castle Hills, sued in his individual capacity; John Siemens, Chief of the Castle Hills Police Department, sued in his individual capacity; Alexander Wright, sued in his individual capacity,

*Defendants – Appellants*

*Appealed from Cause No. 5:20-cv-01151-DAE; United States District Court
Western District of Texas, San Antonio Division
The Honorable David Alan Ezra, Presiding*

───────────────────────────────────────────────

**APPELLANTS' REPLY BRIEF**

───────────────────────────────────────────────

Scott M. Tschirhart
smtschirhart@rampagelaw.com
Lowell F. Denton
lfdenton@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.**
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)

*Attorneys for Appellants*
**ORAL ARGUMENT REQUESTED**

# CERTIFICATE OF INTERESTED PERSONS

CASE NO. 21-50276

IN THE
UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

_____

Sylvia Gonzalez,

*Plaintiff – Appellee*

v.

Edward Trevino, II, Mayor of Castle Hills, sued in his individual capacity; John Siemens, Chief of the Castle Hills Police Department, sued in his individual capacity; Alexander Wright, sued in his individual capacity,

*Defendants – Appellants*

*Appealed from Cause No. 5:20-cv-01151-DAE; United States District Court
Western District of Texas, San Antonio Division
The Honorable David Alan Ezra, Presiding*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Appellants:** | **Attorneys for Appellants:** |
|---|---|
| Edward Trevino, II; | Scott Michael Tschirhart |
| John Siemens; and | Texas State Bar No.: 24013655 |
| Alexander Wright | Lowell F. Denton |
| | Texas State Bar No. 05765700 |
| | DENTON NAVARRO ROCHA BERNAL & ZECH, P.C. |
| | 2500 W. William Cannon Drive, Suite 609 |
| | Austin, Texas 78745 |

512/279-6431
512/279-6438

**Appellee:**              **Attorneys for Appellee:**
Sylvia Gonzalez           Anaya Bidwell
                          Texas State Bar No. 24101516
                          Patrick Jaicomo
                          Michigan State Bar No. P75705
                          Will Aronin
                          New York State Bar No. 4820031
                          INSTITUTE FOR JUSTICE
                          901 North Glebe Road, Suite 900
                          Arlington, VA 22203
                          703/682-9320

                          s/Scott Michael Tschirhart
                          Scott Michael Tschirhart

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ........................................................ ii

TABLE OF CONTENTS ................................................................................... iv

TABLE OF AUTHORITIES ................................................................................ v

APPELLANTS' REPLY BRIEF ........................................................................... 1

OBJECTIONS TO APPELLEE'S FACTUAL RECITATION ............................... 2

    A.    Appellee's reliance on *Nieves* is misplaced. ........................................ 3

    B.    Appellee's Complaint does not establish the necessary "but for" cause. ................................................................................................ 7

    C.    Appellee has not pled the existence of objective evidence that she was arrested when "otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." ................................ 9

    D.    Appellee has not pled facts sufficient to demonstrate that Appellants participated in an attempt to remove her from office .......................... 10

PRAYER ......................................................................................................... 11

CERTIFICATE OF SERVICE ........................................................................... 12

CERTIFICATE OF COMPLIANCE .................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Anokwuru v. City of Houston*, 990 F.3d 956 (5th Cir. 2021)..................8, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)..................................................................................9

*Hartman v. Moore*, 547 U.S. 250, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006)..................................................................................8

*McCoy v. Alamu,* 141 S.Ct. 1364 (2021) ..................................................6

*Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir. 2017) (en banc)..............8

*Nieves v. Bartlett*, 139 S. Ct. 1715, 204 L. Ed. 2d 1 (2019) ........................... passim

*Ramirez v. Guadarrama,* __ F. 4th __, 2021 WL 2690620 (5th Cir. June 25, 2021)..................................................................................6

*Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001) ................7

*Taylor v. Riojas,* 141 S. Ct. 52 (2020) ..................................................6

*Varnado v. Lynaugh*, 920 F.2d 320, (5th Cir. 1991) ................................2

*Wood v. Moss*, 572 U.S. 744, 134 S. Ct. 2056, 188 L. Ed. 2d 1039 (2014)..... 3, 5, 7

**Statutes**

Tex. Penal Code § 37.10(c)(1).............................................................5

CASE NO. 21-50276

IN THE
UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT
_____

Sylvia Gonzalez,

*Plaintiff – Appellee*

v.

Edward Trevino, II, Mayor of Castle Hills, sued in his individual capacity; John Siemens, Chief of the Castle Hills Police Department, sued in his individual capacity; Alexander Wright, sued in his individual capacity,

*Defendants – Appellants*

*Appealed from Cause No. 5:20-cv-01151; United States District Court Western District of Texas, San Antonio Division The Honorable David Alan Ezra, Presiding*

_____

**APPELLANTS' REPLY BRIEF**
_____

Scott M. Tschirhart
smtschirhart@rampagelaw.com
Lowell F. Denton
lfdenton@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.**
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)

*Attorneys for Appellants*

1

**TO THE HONORABLE FIFTH CIRCUIT COURT OF APPEALS:**

NOW COME Appellants Edward Trevino, II ("Mayor Trevino"), John Siemens ("Chief Siemens"), and Alexander Wright ("Special Detective Wright") and file this Appellants' Reply Brief. Appellants respectfully request that this Court reverse and remand the trial court's ruling denying Appellants' Motion to Dismiss on the grounds of the independent intermediary doctrine and their assertion of qualified immunity.

### OBJECTIONS TO APPELLEE'S FACTUAL RECITATION

Appellee's Brief attempts to insert factual allegations that are not contained in Appellee's *Complaint for Retrospective Relief*. For example, Appellee now asserts that Appellants Trevino, Siemens and Wright were somehow involved in efforts to remove Appellee from office and to participate in a lawsuit against Appellee. *See Appellee's Brief*, pgs. 7-8, 29. However, Appellee's Complaint contains no factual allegations to demonstrate how any of Appellants were involved in either attempting to remove Appellee from office or participate in any lawsuit against Appellee. Factual allegations "raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)(internal quotations omitted). The Court should restrict its review to only those factual allegations in the complaint, not legal conclusions

couched as factual allegations, along with documents attached to the Complaint. *See Wood v. Moss*, 572 U.S. 744, 755 fn. 5, 763, 134 S. Ct. 2056, 2065, 2070,188 L. Ed. 2d 1039 (2014).

**A.    Appellee's reliance on *Nieves* is misplaced.**

*Nieves* involved allegations of a no-warrant retaliatory arrest that took place immediately after the speech in question. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1720–21, 204 L. Ed. 2d 1 (2019). "The only evidence of retaliatory animus identified by the Ninth Circuit was Bartlett's affidavit stating that Sergeant Nieves said, 'bet you wish you would have talked to me now.'" *Id.* at 1727-28. The Court found that there was insufficient evidence that another law enforcement officer shared that animus and that Nieves' statement "says nothing about what motivated" that other officer. *Id.* at 1728. Moreover, *Nieves* specifically examined whether there was probable cause **at the time of the arrest**:

> In any event, Bartlett's claim against both officers cannot succeed because they had probable cause to arrest him. As the Court of Appeals explained:
>
>> "When Sergeant Nieves initiated Bartlett's arrest, he knew that Bartlett had been drinking, and he observed Bartlett speaking in a loud voice and standing close to Trooper Weight. He also saw Trooper Weight push Bartlett back.... [T]he test is whether the information the officer had at the time of making the arrest gave rise to probable cause. We agree with the district court that it did; a reasonable officer in Sergeant Nieves's position could have concluded that Bartlett stood close to Trooper Weight and spoke loudly in order to challenge him, provoking Trooper Weight to

> push him back." 712 Fed. Appx. at 615 (citations and internal quotation marks omitted).

> Because there was probable cause to arrest Bartlett, his retaliatory arrest claim fails as a matter of law.

*Nieves*, 139 S. Ct. at 1728.

Contrasting the factual allegations in *Nieves* with the factual allegations in Appellee's Complaint shows how starkly different these incidents are. Appellee's Complaint does not allege that any of the Appellants participated in her arrest or were present at the time of her arrest. Appellee's Complaint does not allege that any of the Appellants said anything to her to demonstrate the kind of retaliatory animus identified in *Nieves*. In fact, Special Detective Wright attempted to interview Appellee during the investigation and Appellee refused. ROA.70. An independent Bexar County District Judge decided that there was probable cause to arrest Appellee. ROA.112.

The actions of the individual Appellants are very different from those of the officers in *Nieves*. Mayor Trevino merely reported a crime. ROA.43-45, 46, 67. Police Chief Siemens assigned the investigation of Mayor Trevino's report to a Detective. ROA.66. Special Detective Wright conducted a conventional investigation that included interviewing witnesses and obtaining their sworn statements. ROA.67-68, 70. Special Detective Wright examined videotape of the incident and determined that the videotape showed Appellee taking the government

4

documents and placing them in her binder. ROA.69. Special Detective Wright also examined videotape of the recovery of the government documents from Appellee's possession and determined that the videotape was consistent with the statements of Mayor Trevino and Captain Zuniga. ROA.69-70. Special Detective Wright prepared a *Complaint/Affidavit for Warrant of Arrest*. ROA.66-71, 113-118. A Warrant of Arrest was issued by a Bexar County District Judge for Tampering with a Governmental Record pursuant to Texas Penal Code § 37.10(c)(1). ROA.112. In short, the present case is in no way factually similar to the facts recited in the *Nieves* decision.

The clearly established prong of the qualified immunity analysis requires that the existing law must make it clear to a reasonable officer that his conduct was unlawful.

> Requiring the alleged violation of law to be "clearly established" "balances ... the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L.Ed.2d 565 (2009). The "dispositive inquiry," we have said, "is whether it would [have been] clear to a reasonable officer" in the agents' position "that [their] conduct was unlawful in the situation [they] confronted." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001).

*Wood v. Moss*, 572 U.S. 744, 758, 134 S. Ct. 2056, 2067, 188 L. Ed. 2d 1039 (2014). Under the facts as pled in Appellee's Complaint and as shown in the Exhibits

5

attached thereto, there is no way that any reasonable mayor, police chief, or detective could determine from the *Nieves* case that his conduct in this case would be unlawful.

Appellee's Brief further illustrates this issue by relying on more recent cases:

> Even without *Nieves*, it would have been obvious to any reasonable official that designing and executing a broad-ranging strategy to punish and intimidate someone for engaging in a protected activity "offended the Constitution." *Taylor v. Riojas*, 141 S. Ct. 52, 54 (**2020**); *see also Ramirez v. Guadarrama*, __ F.4th __, 2021 WL 2690620, at *8 (5th Cir. June 25, **2021**) (Oldham, J. concurring in denial of en banc review) (stating that Supreme Court orders in *Taylor* and *McCoy v. Alamu*, 141 S. Ct. 1364 (**2021**) are "particularly remarkable because they are the Court's first- and second-ever invocations of the obvious-case exception to the clearly established law requirement").

*See Appellee's Brief*, pgs. 27-28 (emphasis added). The Court should note that all three cases cited by Appellee, *Taylor*, *Guadarrama*, and *McCoy*, were decided *after* the warrant was issued on July 17, 2019, and *after* Appellee turned herself in on July 18, 2019. ROA.192. Therefore, these cases cannot be used to show what Appellants should have known prior to July 17, 2019.

The trial court erred in finding that *Nieves*, which was decided two months before Appellee's alleged retaliatory arrest[1], gave fair notice to any reasonable mayor, police chief, or detective, "that [their] conduct was unlawful in the situation

---

[1] The allegations regarding the report of a crime by Mayor Trevino occurred on May 22, 2019, which was prior to the *Nieves* decision. ROA.43. Additionally, Appellee's Complaint does not contain factual allegations about, or authority for, the expectation that a small-town mayor would be familiar with the state of the law on retaliatory arrest claims when there is no allegation that Mayor Trevino is trained or otherwise has knowledge associated with actively serving police officers.

6

[they] confronted." *Wood v. Moss*, 572 U.S. 744, 758, 134 S. Ct. 2056, 2067, 188 L. Ed. 2d 1039 (2014)(*quoting Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001). This Court should reverse and render the trial court's decision and dismiss Appellee's claims against Appellants as barred by qualified immunity.

**B.     Appellee's Complaint does not establish the necessary "but for" cause.**

In order to state a claim for First Amendment retaliation, the Complaint must establish a "but for" cause:

> To prevail on such a claim, a plaintiff must establish a "causal connection" between the government defendant's "retaliatory animus" and the plaintiff's "subsequent injury." *Hartman*, 547 U.S. at 259, 126 S. Ct. 1695. It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive. *Id*., at 260, 126 S. Ct. 1695 (recognizing that although it "may be dishonorable to act with an unconstitutional motive," an official's "action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway").

*Nieves*, 139 S. Ct. at 1722. In the present case, Appellee's Complaint does not contain factual allegations to make this "but for" causal connection. Appellee does not plead that either the Chief Siemens or Special Detective Wright were present at the meeting where Appellee took the public documents. Plaintiff does not plead any evidence of retaliatory animus for Appellee's speech from any of Appellants. Moreover, Chief Siemens relied upon a criminal complaint from Mayor Trevino. Special Detective Wright relied on the criminal complaint and followed up with

7

interviews and sworn statements from witnesses. Special Detective Wright also relied on videotaped evidence of Appellee's actions. Moreover, when the evidence was presented to the Bexar County District Judge, the Court made an independent determination that there was probable cause for Appellee's arrest.

Appellee's Complaint does not allege the necessary "chain of causation" in that there is no allegation that any of the Appellants applied any pressure to or deceived the Bexar County District Judge to issue the Warrant. *Hartman v. Moore*, 547 U.S. 250, 262–63, 126 S. Ct. 1695, 1705, 164 L. Ed. 2d 441 (2006). This Court recently wrote:

> To prevail on a § 1983 false arrest claim, [Plaintiff] must show "that [the arresting officers] did not have probable cause to arrest him." *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); *see also Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) (internal quotation marks omitted) ("The constitutional tort of false arrest ... require[s] a showing of no probable cause."). Moreover "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (citation omitted); *see also Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004).

*Anokwuru v. City of Houston*, 990 F.3d 956, 963 (5th Cir. 2021). However, this Court allowed for an exception if an officer "deliberately or recklessly provides false, material information for use in an affidavit" or "makes knowing and intentional omissions that result in a warrant being issued without probable cause." *Id*. at 964 (*quoting Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir. 2017) (en banc)).

Appellee's Complaint makes no factual allegation that Special Detective Wright provided false information or omitted any information from his Affidavit. Without a specific allegation that Special Detective Wright provided false information or withheld information in his Affidavit, Appellee's allegations do not rise "above the speculative level." *Anokwuru*, 990 F.3d at 964 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). The trial court erred in finding that Plaintiff properly alleged a "but for" cause and this Court should reverse and render dismissing all of Plaintiff's claims against Appellants.

**C. Appellee has not pled the existence of objective evidence that she was arrested when "otherwise similarly situated individuals not engaged in the same sort of protected speech had not been."**

Appellee's Brief alleges that her arrest was "unprecedented." *See Appellee's Brief*, pg. 5. Appellee alleges that the Bexar County felony and misdemeanor data shows that the criminal statute she was charged with "has never been used in Bexar County to criminally charge someone for trying to steal a nonbinding or expressive document. ROA.22." *Id.* Appellee does not argue that the statute has not been prosecuted in Bexar County, to the contrary, Appellee states that she found 215 Grand Jury Indictments and an unknown number of misdemeanor prosecutions. ROA.22. Appellee's allegation does not demonstrate the existence of any "similarly situated individuals." Appellee makes no factual allegation to identify any other person or persons stole or tried to steal governmental documents and that those

9

persons were not prosecuted. The trial court erred in finding that Appellee pled the existence of objective evidence that she was arrested when "otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." ROA.185. This Court should reverse and render, dismissing all claims against Appellants.

### D. Appellee has not pled facts sufficient to demonstrate that Appellants participated in an attempt to remove her from office.

Appellee's Brief states that Appellants repeatedly tried to strip her of her Council seat. *See Appellee's Brief*, pg. 7. This appears to be an extraneous allegation and unrelated to the false arrest allegations against Appellants. Appellee's factual allegations involve the City Attorney [ROA.25], and six private individuals who brought suit. ROA.26-27. However, Appellee fails to allege any facts to demonstrate a connection between Appellants and these persons other than to state a supposition that the City Attorney was "allied with Appellants" and the six individuals were "close to the Mayor." *See Appellee's Brief*, pgs. 7-8. These conclusory statements about Appellants' alleged relationships with third parties do not demonstrate that any of the individual Appellants had anything to do with the alleged campaign to remove Appellee from office. The trial court erred in finding that Appellee adequately pled that the "Individual Defendants acted with a retaliatory motive by alleging that they took several actions to attempt to take away her council seat." ROA.190. In fact, there is no allegation that supports that any of

the Appellants took any action to attempt to take away Appellee's council seat. This Court should reverse and render, dismissing all claims against Appellants.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellants Edward Trevino, II, John Siemens, and Alexander Wright pray that this Court reverse the district court's denial of their Motion to Dismiss and render judgment dismissing Appellee's claims against Appellants with prejudice against refiling, and for such other and further relief to which Appellants shall show themselves to be entitled.

Signed on this the 13th day of July 2021.

Respectfully submitted,

**DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.**
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)
smtschirhart@rampagelaw.com
lfdenton@rampagelaw.com

By:   s/ *Scott Michael Tschirhart*
SCOTT MICHAEL TSCHIRHART
Texas State Bar No. 24013655
LOWELL F. DENTON
Texas State Bar No. 05764700

*Attorneys for Appellants*
*Edward Trevino, II, John Siemens*
*and Alexander Wright*

## CERTIFICATE OF SERVICE

I hereby certified that on this the 13th day of July 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which automatically provided notice to the following CM/ECF participants:

Anya Bidwell
Will Aronin
Patrick Jaicomo
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203

*Attorneys for Appellee*
*Sylvia Gonzalez*

s/ *Scott Michael Tschirhart*
SCOTT MICHAEL TSCHIRHART

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements.

1.   This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.2, this document contains 2,451 words.

2.   This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-styled requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 docx, in 14-point in Times New Roman for body and 12-point Times New Roman for footnotes.

s/ *Scott Michael Tschirhart*
SCOTT MICHAEL TSCHIRHART